UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 3 0 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA

v.

JAMAAL SARTOR,

Also known as "Ace,"

Defendant.

Criminal Action No. 04-00455-11 (TFH)

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the defendant's Motion to Reduce Sentence [ECF No. 230], which seeks a sentence reduction from 121 months of imprisonment to 78 months of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("U.S.S.G.") Amendment 750. Def.'s Mot. 1, 3. To secure the requested reduction, the defendant urges this Court to hold that the United States Supreme Court's decision in *Dorsey v. Hill*, ___ S.Ct. ___, 2012 WL 2344463 (June 21, 2012), extends to 18 U.S.C. § 3582(c)(2) proceedings and compels the Court to apply the more lenient statutory mandatory minimum sentences set forth in the Fair Sentencing Act, 124 Stat. 2372. Def.'s Reply Br. 3-12. Although the United States does not oppose reducing the defendant's sentence to 120 months of imprisonment, which was the statutory mandatory minimum sentence that applied before the Fair Sentencing Act was enacted, the United States challenges any further reduction. Gov't's Opp'n Br. 11.

In *Dorsey*, the Supreme Court concluded that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act

offenders." 2012 WL 2344463 *9. The day after the Supreme Court's decision in *Dorsey* was issued, however, the United States Court of Appeals for the District of Columbia Circuit announced that it "agree[d] with every circuit court to address the issue that there is simply 'no evidence that Congress intended the [FSA] to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment.'"[1] *United States v. Bigesby*, ___ F.3d ___, 2012 WL 2362583, at *6 (D.C. Cir. June 22, 2012) (quoting *United States v. Baptist*, 646 F.3d 1225, 1229 (9th Cir.2011) (per curiam)). So the Fair Sentencing Act's more lenient statutory mandatory minimum sentences currently apply only to cases in which defendants were sentenced after the Act's enactment on August 3, 2010. Because "district judges . . . are obligated to follow controlling circuit precedent until either [the D.C. Circuit], sitting en banc, or the Supreme Court, overrule it," *United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997), this Court must deny the defendant's motion to the extent that it seeks a reduction of his sentence below the statutory mandatory minimum sentence that applied when he was sentenced on June 15, 2006, more than four years before the Fair Sentencing Act was enacted.

As already indicated, the parties agree that the defendant is entitled to a reduction of

---

[1] *Bigesby* forecloses the defendant's argument that "[b]ecause the [Sentencing] Commission determined that the guideline amendments mandated by the FSA would be retroactively available, *the FSA is itself retroactively applicable*." Def.'s Supplement to Reply 9 (emphasis added). Morever, to the extent the defendant might be contending that 18 U.S.C. § 3582(c)(2) proceedings should be deemed to be post-Act "sentencings" for the purpose of applying the Supreme Court's decision in *Dorsey,* such an interpretation also is not viable because it would mean that 18 U.S.C. § 3582(c)(2) proceedings effectively make the Fair Sentencing Act retroactive in contravention of the D.C. Circuit's position that the Act "is not retroactive." *Bigesby*, 2012 WL 2362583, at *6. Furthermore, the Supreme Court has made clear that "Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a *limited adjustment to an otherwise final sentence* and not a plenary resentencing proceeding." *Dillon v. U.S.*, 130 S.Ct. 2683, 2691 (2010) (emphasis added).

his sentence to 120 months of imprisonment in accordance with U.S.S.G. Amendment 750, which retroactively lowered the imprisonment base offense levels for crack-cocaine offenses based on the quantity. *See* UNITED STATES SENTENCING COMMISSION, SUPPLEMENT TO THE 2010 GUIDELINES MANUAL 1-26 (Nov. 1, 2010). As required by U.S.S.G. § 1B1.10, the Court has determined that the amended guideline range of 78 to 97 months of imprisonment would have applied to the defendant if U.S.S.G. Amendment 750 had been in effect at the time the defendant was sentenced. U.S.S.G. § 1B1.10(b)(1). After considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, the fact that the defendant reportedly has no post-sentencing disciplinary record and has taken several educational and athletic courses while incarcerated, the Court has determined that a reduction in the defendant's sentence to a term of 120 months of imprisonment is warranted. Accordingly, it hereby is

**ORDERED** that the Motion to Reduce Sentence [ECF No. 230] is **GRANTED IN PART** and **DENIED IN PART**. The request to reduce the defendant's sentence to 120 months of imprisonment is **GRANTED** and an accompanying order is attached. The motion to further reduce the defendant's below the statutory mandatory minimum sentence that applied when the defendant was sentenced on June 15, 2006 is **DENIED** for the reasons stated.

**SO ORDERED.**

July 26, 2012

Thomas F. Hogan
United States District Judge